OPINION
Appellant James Randolph appeals the decision of the Stark County Court of Common Pleas that denied his motion to amend the sentence to make it conform to the original sentence. The following facts give rise to this appeal.
In 1999, the Stark County Grand Jury indicted appellant for one count of driving while under the influence of alcohol. The offense was a fourth degree felony because of appellant's previous DUI convictions. Appellant decided to enter a guilty plea and signed a guilty plea form which indicated that he was subject to "a term of local incarceration of 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 or 18 months, and a mandatory term of local incarceration of sixty days and financial sanction which includes a fine of not less than $750.00 nor more than $10,000." Upon accepting appellant's guilty plea, the trial court sentenced him to a definite term of nine months at the Stark County Jail.
Appellant filed this notice of appeal challenging the trial court's judgment entry filed July 31, 2001, which denied his motion to amend the sentence to make it conform to the original sentence. Although appellant claims this is the basis for his appeal, in his brief, appellant challenges the legality of his conviction and sentence claiming he was denied effective assistance of counsel and due process of law based upon undefined irregularities before the trial court. The challenge of his 1999 conviction is apparent from the following assignments of error contained in his brief:
 I. THE TRIAL COURT ERRED IN THAT DEFENDANT/APPELLANT WAS PREJUDICIALLY DEPRIVED OF HIS UNITED STATES AND OHIO CONSTITUTIONAL RIGHTS TO A FAIR TRIAL DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL.
 II. THE TRIAL COURT ERRED TO THE IRREGULARITY IN THE PROCEEDINGS IN THE ORDER AND RULING OF THE COURT ALSO THE ABUSE OF DISCRETION BY THE COURT BECAUSE OF WHICH THE DEFENDANT/APPELLANT WAS PREVENTED FROM HAVING A FAIR TRIAL.
 I, II
We dismiss both of appellant's assignments of error as we find both challenge the legality of his conviction and sentence and therefore, are not timely before this court for consideration.
The record reflects the trial court filed its sentencing judgment entry on April 16, 1999. Appellant filed an appeal of his conviction, in 1999, which we dismissed on timeliness and procedural grounds.[1] In 2001, appellant filed a motion to amend the sentence to make it conform to the original sentence. The trial court denied appellant's motion. Although claiming to appeal the denial of this motion, it is apparent from appellant's brief that he is attempting to again challenge the legality of his sentence and conviction from 1999. Appellant's appeal is not timely under App.R. 4(A) and accordingly, appellant's appeal is dismissed for lack of jurisdiction.
For the foregoing reasons, appellant's appeal from the Court of Common Pleas, Stark County, Ohio, is hereby dismissed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is dismissed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
By: Wise, J., Gwin, P. J., and Boggins, J., concur.
[1] State v. Randolph (1999), Stark App. No. 1999CA00214. Dismissal judgment entry filed.